ACCEPTED
12-17-00379-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/24/2018 10:33 AM
Pam Estes
CLERK

## NO. 12-17-00379-CR

| | | |
|---|---|---|
| **DARRELL HARDY LACY** | § | **IN THE COURT OF APPEALS** |
| Appellant | § | |
| | § | FILED IN |
| | § | 12th COURT OF APPEALS |
| **vs.** | § | TYLER, TEXAS |
| | § | **12TH JUDICIAL DISTRICT** 1/24/2018 10:33:15 AM |
| | § | PAM ESTES |
| **THE STATE OF TEXAS,** | § | Clerk |
| Appelle | § | **AT TYLER, TEXAS** |

### MOTION FOR REHEARING

**TO THE HONORABLE COURT:**

Now comes Darrell Lacy, Appellant, by and through undersigned counsel, and makes this

Motion for Rehearing, pursuant to Rule 49 of the Texas Rules of Appellate Procedure, and in

support thereof would show the Court the following:

### ISSUES RELIED UPON FOR REHEARING

**I.  When the Court dismissed this appeal for lack of jurisdiction it did so on the basis of the absence of a Certification of Defendant's Right to Appeal.  A Certification showing that the defendant has the right to appeal has since been filed with the trial court.  *See* TEX. R. APP. PROC. 25.2(f).  For this reason Appellant asks the Court to reconsider its previous dismissal of the appeal**.

### ARGUMENT

On 28 December 2017, Appellant was notified that the Clerk's record in this matter was

lacking a trial court certification of right to appeal.

Appellant's counsel reviewed the file and spoke with trial counsel and determined that no

trail court certification had ever been done and subsequently attempted to arrange for the signing

of a new one.

However, the trial judge's previously planned days out for vacation, coupled with

subsequent snow days during which the courthouse was closed, meant that the first date all

parties could be present and the certification signed was today, 24 January. A copy of the signed certification is attached.

Given that this delay was through no fault of Appellant's, and considering that the filing of a writ to obtain leave to file a new appeal would result in delay and the unnecessary expenditure of judicial resources, it is respectfully requested that the Court grant this motion for rehearing and reinstate the appeal of this matter.

**WHEREFORE, PREMISES CONSIDERED**, undersigned counsel respectfully prays that this Honorable Court grant this Motion for Rehearing, withdraw its previous opinion, reexamine the jurisdictional issue in light of the full record now, or soon to be, before it, and reverse its previous order and permit Appellant to continue his appeal of this case.

Respectfully submitted,

/s/ Austin Reeve Jackson
TXBN: 24046139
PO Box 8355
Tyler, TX 75771
(903) 595-6070
(866) 387-0152

### CERTIFICATE OF CONFERENCE AND SERVICE

This is to certify that the contents of this motion have been discussed with opposing counsel who has stated that he is unopposed to the granting of this motion, and that a true and correct copy of the above and foregoing document was served on counsel for the State concurrently with its filing in the Court.

/s/ Austin Reeve Jackson

## Certification of Defendant's Right of Appeal

FILED

JAN 2 4 2018

CLERK, COUNTY COURT AT LAW, SMITH COUNTY, TEXAS

BY _____ DEPUTY

No. 001-81992-16

The State of Texas

v.

Darrell Lacey
Defendant

In the __County__ Court at Law

of

Smith _____ County, Texas

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

[X] is not a plea-bargain case, and the defendant has the right of appeal. [or ]

[] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or ]

[] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [ or ]

[] is a plea-bargain case, and the defendant has NO right of appeal. [or ]

[] the defendant has waived the right of appeal.

_____
Judge

__1-24-18__
Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____
Defendant
Mailing Address: 206 E. Elm, Tyler, TX 75702
Telephone number:
Fax number (if any)

_____
Defendant's Counsel  Austin Reeve Jackson
State Bar of Texas ID number 24046139
Mailing Address: PO Box 8355, Tyler, TX 75711
Telephone number: (903) 595-6070
Fax number (if any):

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case -- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant -- a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2)